AGNES A. OLIVER *v.* THOMAS F. BRAGG.

Where a party, not interested in the payment of a note, either as endorser or surety, takes it up at maturity, without obtaining a conventional subrogation to the rights of the holders, he is not legally subrogated to those rights, and the indebtedness of the maker is, in law, extinguished by the payment.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*Ronford, Singleton & Clack,* for plaintiff. *Whittaker & Fellows,* for defendant and appellant.

BUCHANAN, J. *Mrs. Oliver* sued *Bragg,* in June, 1859, as administrator of her husband, who died in that year, upon three notes of *Bragg,* to his own order, dated 28th January, 1854, and payable 6, 12 and 18 months after date.

These notes were given in part payment of a lot and improvements purchased by *Bragg* of *Baquié* on the day of their date.

The defence is, that *Bragg* was clerk of *Oliver,* who had taken up the said notes for his account, and had promised to cancel them—which he was prevented from doing only by sudden death.

In support of this defence, defendant has offered four witnesses, men of respectability and good standing in the community, who were intimate with the deceased, *G. B. Oliver*, in his lifetime, and who prove his declarations made to them individually, at various times, in relation to these notes, to the effect that the same had been paid by *Oliver* for *Bragg*, to the discharge of the latter, and without any intention of seeking reimbursement of the same.

This testimony is corroborated by the acts of *Oliver*, in retaining the notes in his hands, without making any demand of payment or reimbursement from *Bragg*, until his death, which occurred several years after the maturity of the last of the notes.

It is also corroborated by the fact, that *Mr. Oliver* took no conventional subrogation of the rights of *Baquié* or *Toulmé*, the holders of the notes, at maturity; and he was not legally subrogated to those rights, for he was in no manner bound, as endorser or surety, for the payment of the notes.

The indebtedness of *Bragg* upon the notes, is thus seen to have been, in law, extinguished by the payment made by *Oliver*.

It is, therefore, adjudged and decreed. that the judgment of the District Court be reversed, and that there be judgment in favor of defendant and appellant, with costs in both courts.

Land, J., absent.